**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

IRIS AURORA GOMEZ CASTRO,

     Plaintiff,

-vs-

     Case No.

TRANS UNION LLC and MOMNT
TECHNOLOGIES, INC.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, IRIS AURORA GOMEZ CASTRO (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, TRANS UNION LLC (hereinafter "Trans Union") and MOMNT TECHNOLOGIES, INC. (hereinafter "Momnt") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA") Fl. Stat. § 559.72 *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCCPA.

3.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

4.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

5.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

6.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

7.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

8.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

9.     Venue is proper in this District as Plaintiff is a natural person and resident of Lee County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

10.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

12.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

3

14.     Momnt is a corporation headquartered at 4 Concourse Parkway, Suite 150 in Atlanta, Georgia 30328 that upon information and belief conducts business in the State of Florida.

15.     Momnt is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

16.     Momnt furnished information about Plaintiff to Trans Union that was inaccurate.

17.     Momnt is a "person" as said term is defined under Florida Statute § 1.01(3) and is subject to the provisions of Florida Statute § 559.72 because said section applies to "any person" who collects or attempts to collect a debt as defined in Florida Statute § 559.55(1).

## FACTUAL ALLEGATIONS

18.     Plaintiff is alleged to owe a debt to Momnt, partial account number 272762*, as to an unsecured loan (hereinafter "Momnt Account"). Plaintiff does not have an account with Momnt and never applied or gave permission to anyone to apply using her information for the Momnt Account.

19.     Upon information and belief, Plaintiff is a victim of identity theft.

20.     On or about April 15, 2024, Plaintiff received a notice from Momnt seeking to collect missing payments on the Momnt Account.

4

21.     On or about April 22, 2024, Plaintiff received a second notice from Momnt seeking to collect missing payments on the Momnt Account.

22.     Shortly thereafter, Plaintiff and her son contacted Momnt for more information and to dispute the Momnt Account. Momnt also directed Plaintiff to contact Ktmar, LLC, an altering and remodeling contractor in Miami, Florida.

23.     As advised, Plaintiff and her son Ktmar, LLC but were unable to obtain any more information about the Momnt Account.

24.     Shortly thereafter, Plaintiff reviewed her credit reports and observed the erroneous Momnt Account.

25.     On or about April 30, 2024, Plaintiff filed a police report with the Cape Coral Police Department regarding the fraud and identity theft.

26.     In or about May 2024, Plaintiff received a response from Momnt which stated it completed the investigation of the Momnt Account and determined that the loan was not associated with any fraud.

27.     Plaintiff also received a copy of the Installment Loan Agreement from Momnt. The loan agreement was dated February 25, 2024, but it was not signed by Plaintiff or anyone.

28.    On or about May 10, 2024, Plaintiff and her daughter mailed a letter to Momnt in response to the erroneous finding that the Momnt Account was not fraudulent and again disputed the Momnt Account.

29.    On or about June 4, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 173544654. In this report, she explained that she was a victim of identity theft and that the Momnt Account listed in her credit report did not belong to her.

30.    On or about August 28, 2024, Plaintiff received a notice from Momnt which stated the Momnt Account was acquired by Cadles of West Virginia LLC.

31.    On or about September 10, 2024, Plaintiff attempted to obtain a copy of her credit report from Trans Union but received an error message that her report was unavailable.

32.    Shortly thereafter, on or about September 25, 2024, Plaintiff mailed a detailed dispute letter to Trans Union. In the letter, Plaintiff requested a copy of her Trans Union credit report. Further, Plaintiff advised that the Momnt Account was fraudulent and did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Medicare Health Insurance card in the letter. Further, Plaintiff provided images of the collection notice and other correspondence from Momnt, images of the unsigned Installment Loan Agreement, images of the

police report filed with the Cape Coral Police Department, and other supporting documents.

33.     Plaintiff mailed her detailed dispute letter to Trans Union via USPS Certified Mail, tracking number 9589 0710 5270 1869 3223 23.

34.     On or about September 30, 2024, Trans Union responded to Plaintiff by providing a copy of her Trans Union credit report. Upon review, Plaintiff observed the Momnt Account was reported as opened on February 18, 2023, with a status of 60 days past due and balance of $26,083.

35.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

36.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

37.     Upon information and belief, Trans Union notified Momnt of Plaintiff's dispute. However, Momnt failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

38.     On or about October 24, 2024, Plaintiff obtained an updated copy of her Trans Union credit report. Upon review, Plaintiff observed a hard inquiry which did not belong to her. Further, Plaintiff observed the Momnt Account continued to be reported with a status of 60 days past due and balance of $26,083.

39.     Due to the continued inaccurate reporting, on or about November 1, 2024, Plaintiff mailed a second detailed dispute letter to Trans Union. In the letter, Plaintiff advised she was a victim of identity theft and that a hard inquiry from Primis Bank and the Momnt Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Medicare Insurance Card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the collection notice and other correspondence from Momnt, images of the unsigned Installment Loan Agreement, images of the police report filed with the Cape Coral Police Department, and other supporting documents.

40.     Plaintiff mailed her detailed dispute letter to Trans Union via USPS Certified Mail, tracking number 9407 1112 0620 5410 8637 10.

41.     On or about November 7, 2024, Plaintiff received a response from Trans Union which stated the Momnt Account was not reported to Plaintiff's Trans Union credit report.

42.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.     Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

      ii.     Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

iv.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

43.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

44.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

45.   Trans Union allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

46.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

9

47.     Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

48.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

49.     Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Cape Coral Police Department, which contained sworn testimony of the fraud.

50.     As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

51.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

52.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, IRIS AURORA GOMEZ CASTRO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-

judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

53.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

54.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55.     Trans Union allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

56.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

57.     Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

58.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

11

59.     Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the police report filed with the Cape Coral Police Department, which contained sworn testimony of the fraud.

60.     As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

62.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, IRIS AURORA GOMEZ CASTRO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

63.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

64.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

65.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

66.     Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

13

67.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

69.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, IRIS AURORA GOMEZ CASTRO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

70.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

71.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

72.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

73.     Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

74.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, IRIS AURORA GOMEZ CASTRO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Momnt Technologies, Inc. (Negligent)

77.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

78.    Momnt furnished inaccurate account information to Trans Union and through Trans Union to all of Plaintiff's potential lenders.

79.    After receiving Plaintiff's disputes, Momnt violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

80.    Plaintiff provided all the relevant information and documents necessary for Momnt to have identified that the account was erroneous.

81.    Momnt did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Momnt by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

82.    Momnt violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

83.    As a direct result of this conduct, action, and/or inaction of Momnt, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

84.    The conduct, action, and inaction of Momnt was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

85.    Plaintiff is entitled to recover costs and attorney's fees from Momnt in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, IRIS AURORA GOMEZ CASTRO, respectfully requests that this Court award actual damages against Defendant, MOMNT TECHNOLOGIES, INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Momnt Technologies, Inc. (Willful)

86.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

18

87.   Momnt furnished inaccurate account information to Trans Union and through Trans Union to all of Plaintiff's potential lenders.

88.   After receiving Plaintiff's disputes, Momnt violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

89.   Plaintiff provided all the relevant information and documents necessary for Momnt to have identified that the account was erroneous.

90.   Momnt did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Momnt by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

91.     Momnt violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

92.     As a direct result of this conduct, action, and/or inaction of Momnt, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

93.     The conduct, action, and inaction of Momnt was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

94.     Plaintiff is entitled to recover costs and attorney's fees from Momnt in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, IRIS AURORA GOMEZ CASTRO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, MOMNT TECHNOLOGIES, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of Florida Statues § 559.72 (9) as to
### Defendant, Momnt Technologies, Inc.

95.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

96.    Momnt violated Florida Statues § 559.72 (9) by attempting to collect a debt it knew or had reason to know was not legitimate.

97.    Momnt had all the information it needed to determine that the debt was erroneous and did not belong to Plaintiff yet continually contacted Plaintiff stating that she owed money for a debt which did not belong to her.

98.    As a result of the conduct, action, and inaction of Momnt, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff is in fear that the collection attempts by Momnt will harm her credit reputation.

99.    Plaintiff is entitled to recover actual, statutory, compensatory, and punitive damages from Momnt pursuant to the FCCPA.

100.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Momnt in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff, IRIS AURORA GOMEZ CASTRO, respectfully requests that this Court award actual, statutory, compensatory, and punitive damages

against Defendant, MOMNT TECHNOLOGIES, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, IRIS AURORA GOMEZ CASTRO, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, TRANS UNION LLC; and MOMNT TECHNOLOGIES, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 26th day of November 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610

Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*